IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LS CARLSON LAW, PC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 22-2070-JWL |
| SPENCER A. SHAIN, | ) ) ) |
| Defendant. | ) ) ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion for leave to conduct jurisdictional discovery (Doc. # 14). For the reasons set forth below, the Court **denies** the motion. Plaintiff shall file its response to defendant's pending motion to dismiss on or before **May 17, 2022**.[1]

In its amended complaint, plaintiff invokes the Court's diversity jurisdiction, alleging that defendant is a citizen of Kansas. Defendant has moved to dismiss, arguing that plaintiff cannot show that he is a citizen of Kansas and that subject matter jurisdiction, personal jurisdiction, and venue are therefore lacking here. Plaintiff has the burden to show the diversity of the parties by a preponderance of the evidence. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

---

[1] Plaintiff's motion for an extension to file that response (Doc. # 13) is **granted in part** to that extent.

> For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely.

*See id.* (citations omitted). The court considers the totality of the circumstances, and relevant factors may include "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity." *See id.* at 1200-01 (quoting 13E Charles A. Wright, et al., *Federal Practice and Procedure* § 3612, at 536-41 (3d ed. 2009)). The parties' citizenship is determined as of the time of the filing of the complaint. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004).

In moving to dismiss, defendant argues that he established a California domicile and that he has not changed that domicile, based on evidence showing the following: After attending high school in Kansas, and then attending college in Indiana, defendant moved to California in May 2015 to attend law school there. After law school, he stayed in California and took the bar exam there three times. He is now participating in a California bar assistance program, hoping to gain eventual admission to the California bar during an investigation into a past incident. After law school, he was employed by plaintiff law firm from September 2018 to April 2020, including after issues arose with respect to his bar admission. He moved to Irvine, California in May 2020, and then moved to Mission Viejo, California (as evidenced by a change-of-address form filed with the post office) in October 2021. In November 2021, he traveled to Illinois to help his sister for a few months, and in

March 2022, he returned to California (where nearly all of his personal property remained) and signed a lease for a new residence. Defendant returns to Kansas (where his parents reside) one to three times per year, as corroborated by his parents' affidavits. Defendant has submitted evidence of a California driver's license and vehicle registration, California bank accounts, California voter registration, and California tax filings. He is seeking employment in California and intends to practice law there. In July 2020, defendant filed suit in California against plaintiff law firm, asserting claims relating to his employment by the firm, although plaintiff has successfully compelled arbitration of defendant's claims.

Plaintiff now seeks leave to conduct jurisdictional discovery concerning the issue of defendant's domicile before having to respond to defendant's motion to dismiss.

> District courts are endowed with broad discretion over discovery, including whether to grant discovery requests with respect to jurisdictional issues. Denials of discovery requests are accordingly reviewed for abuse of discretion. A district court abuses its discretion in denying a jurisdictional discovery request where the denial prejudices the party seeking discovery. Prejudice exists where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. The party seeking discovery bears the burden of showing prejudice.

*See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (internal quotations and citations omitted). It is not sufficient for the party seeking discovery merely to rely on speculation as to the existence of helpful facts. *See id.*; *see also Breakthrough Mgmt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010) (decrying attempt to use jurisdictional discovery as a fishing expedition).

In *Savis, Inc. v. Warner Lambert, Inc.*, 967 F. Supp. 632 (D.P.R. 1997), the court addressed a similar request for jurisdictional discovery to help establish diversity jurisdiction. *See id.* at 641-42. This Court agrees with the following approach by the court in *Savis*:

> The Court's power to order discovery is circumscribed by its jurisdiction; where it has no jurisdiction, it has no power, and cannot order discovery. As a practical matter, federal courts generally assume jurisdiction over the subject matter of a case either until it becomes apparent that no jurisdiction exists or until a party to the matter over which a court has assumed jurisdiction challenges that jurisdiction. Where the exercise of jurisdiction is challenged however, the party invoking the court's power bears the burden of adducing sufficient evidence to establish jurisdiction. In order to meet that burden, the party cannot simply expect to utilize that power which it attempts to invoke to obtain a discovery expedition for a factual justification for invoking that jurisdiction. It is true that federal courts have been willing to order discovery when the parties have disputed jurisdictional issues. But this is done in the courts' discretion, and generally only where the challenge has been directed at personal jurisdiction or where the challenge to the courts' subject matter jurisdiction is based on the application of a federal statute. . . . This Court will not, in its discretion, allow the invoking party to utilize the Court's power to order discovery as a tool to fish for that solid factual basis. In other words, the Court will not order discovery on the issue of diversity jurisdiction unless the plaintiffs have already provided sufficient evidence of the parties' citizenship to instill in the Court a belief that further discovery would probably lead to proof of diversity and enable the plaintiff to establish subject matter jurisdiction.

*See id.* (citations omitted).[2]

---

[2] Plaintiff notes that the decision in *Savis* is not binding on this Court, but the Court finds the reasoning in that decision to be persuasive. Plaintiff also argues that *Savis*, in which the request for discovery was denied, may be distinguished because in that case the plaintiffs lacked evidence showing that discovery would probably lead to proof of diversity of citizenship. As discussed below, however, plaintiff has not provided such evidence in this case.

4

Thus, the Court will not allow plaintiff to invoke this Court's jurisdiction to seek in discovery evidence to support subject matter jurisdiction unless plaintiff can cite evidence showing a sound basis for its initial assertion of jurisdiction in this case and a likelihood that discovery will lead to evidence establishing that jurisdiction in the face of defendant's challenge. The Court concludes that plaintiff has not made such a showing here, and it therefore denies the request for discovery.

In its amended complaint, plaintiff has not alleged any supporting facts, but has merely stated upon information and belief that defendant is a citizen of Kansas. With the present motion, plaintiff has submitted evidence that it argues supports its request for discovery. The Court addresses each factual allegation by plaintiff in turn.

First, plaintiff notes that during the time of its employment of defendant, defendant's cell phone number had a Kansas area code. It is undisputed, however, that defendant grew up in Kansas before establishing a domicile in California, and defendant has submitted evidence that he has not changed the number he was given in high school in order to avoid the resulting inconvenience. The Court agrees with defendant that this fact does not support an argument that plaintiff left his California domicile and established a new one in Kansas long after he obtained his Kansas cell phone number.

Second, plaintiff's president, Luke Carlson, states in a declaration that in September 2021 a lawyer who used to work for plaintiff during defendant's employment there, and who appeared to Mr. Carlson to be "friends" or "friendly" with defendant, told Mr. Carlson that defendant "was permanently living in Kansas." As defendant notes, the evidence of the lawyer's statement represents inadmissible hearsay, and plaintiff has not provided any

5

evidence from the declarant himself. Even if the Court considered this statement in determining whether to allow discovery from the lawyer, the Court would accord this evidence very little weight, as Mr. Carlson has not provided any basis for the lawyer's knowledge (for instance, Mr. Carlson does not quote the lawyer as having stated that defendant *told* the lawyer this).

Third, Mr. Carlson states in his declaration that he viewed defendant's Twitter feed in October 2021, and that the feed contained "some" videos and photos of defendant "that appeared to be taken in Kansas." As his sole example, Mr. Carlson states that one video "depicted Defendant running in a residential neighborhood that looks like the Kansas neighborhood where I understand Defendant lives." The Court does not consider this fact to provide evidence of a return to a Kansas domicile. Mr. Carlson has not attached any of the videos or photos (even though he purportedly kept copies of the posts); nor has he explained how he could determine that a particular residential neighborhood was located in Kansas, or how could knew that the other videos and photos were taken in Kansas. Moreover, and perhaps most significantly, even if defendant did spend time in Kansas in October 2021, that would hardly be surprising in light of the facts that defendant's parents live there and he returns to visit them regularly. Such videos and photos mean little with respect to an intent to remain in Kansas.

Fourth, an investigator for plaintiff states in a declaration that on February 4, 2021, he visited the Mission Viejo address where records showed defendant had last lived; that defendant's vehicle was not parked in the driveway or in the street; that another vehicle was parked at the house; and that the house was titled to an LLC. This evidence does not

support an argument that defendant moved back to Kansas with an intent to stay there, however, nor does it controvert defendant's evidence that he lived at that address for a period of time. Beyond the obvious possibility that the vehicle may have been in the garage, the fact that defendant's car was not outside the residence on a single occasion is meaningless, as defendant could naturally be expected to leave his residence on occasion. Moreover, defendant has provided evidence that he was in Illinois on an extended visit to his sister (to help with his nephews while his brother-in-law recovered from surgery) on the date in question, which makes the absence of his vehicle even less meaningful. Thus, the evidence that plaintiff's vehicle was not at his California address on that date adds nothing to the jurisdictional analysis. In addition, the fact that the house was owned by someone else does not suggest that defendant did not live there – indeed, as discussed below, the house was listed for rent shortly thereafter. Defendant also notes that although plaintiff hired someone to investigate where he was living, the investigator has not provided any evidence to support an argument that defendant moved back to Kansas.

Fifth, according to a process server who attempted to serve defendant at a residence in Kansas, defendant called the process server at the number she had left with a neighbor, and defendant stated that he was "nomadic". Plaintiff argues that this evidence supports its argument because defendant did not state that he lived in California. The Court disagrees. Defendant has submitted evidence that he was in Illinois at the time, and the process server stated that defendant was reluctant to discuss his whereabouts at the time and that defendant did eventually give her an Illinois address during that call. Thus, the fact that he did not volunteer that he was a resident of California is relatively insignificant,

7

and if this statement provides evidence of any domicile, that domicile would be Illinois, not Kansas.

Sixth, according to plaintiff's evidence, after this action was initiated in Kansas, a process server visited defendant's Irvine address and was told that defendant did not live there. Again, however, the asserted fact carries no weight, as defendant had already moved from that address (as plaintiff's own investigator had discovered before visiting the Mission Viejo residence).

Seventh, plaintiff has provided evidence that in March 2022, the Mission Viejo house was listed for rent. That evidence, however, does not controvert defendant's evidence that he had resided there previously, that he discovered the listing upon his return to California in March, and that he then signed a lease for a new apartment in California.

For the reasons discussed, plaintiff has provided scant evidence controverting any jurisdictional fact asserted by defendant, and thus plaintiff has not shown that discovery is needed to resolve a factual dispute. Nor has plaintiff provided any substantial evidence to support its initial assertions that defendant was a citizen of Kansas and that the Court could therefore exercise diversity jurisdiction in this case. Nor has plaintiff identified particular facts that discovery would likely uncover. In the absence of such a showing, the Court declines in its discretion to allow plaintiff to use discovery to conduct a fishing expedition

to search for evidence that it should have had before filing suit here in the first place, and it therefore denies the motion for leave.[3]

In seeking an extension of time to respond to the pending motion to dismiss, plaintiff has requested that its response be due 21 days after an order denying the motion for leave to conduct discovery. Defendant's original motion to dismiss, raising these same issues, was filed on March 14, however, and thus plaintiff has already had more than two months to prepare a response to defendant's arguments. The Court therefore concludes that an additional three weeks is not needed. The Court will grant plaintiff and additional seven calendar days, and accordingly plaintiff shall file its response to defendant's motion to dismiss on or before **May 17, 2022**. Defendant's reply brief will then be due in accordance with the applicable rules.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for leave to conduct jurisdictional discovery (Doc. # 14) is hereby **denied**.

---

[3] The Court denies plaintiff's request to strike from the record defense counsel's evidence concerning settlement offers made by plaintiff's counsel. The Court does not agree that the evidence violates Rule 408, which prohibits the use of such evidence to prove or disprove the validity or amount of a disputed claim or to impeach. *See* Fed. R. Evid. 408(a). The rule allows such evidence to be used for other purposes, *see* Fed. R. Evid. 408(b), and defendant has submitted this evidence concerning offers to settle defendant's California claims, which were made to Kansas counsel not involved in that litigation and which involved payments to defendant's family members, to show an intent by plaintiff to harass by pursuing litigation in this Court. Moreover, plaintiff has not shown that the inclusion of this evidence in the record will cause it any specific prejudice.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion for an extension to respond to defendant's pending motion to dismiss (Doc. # 13) is hereby **granted in part**. Plaintiff shall file its response on or before **May 17, 2022**.

IT IS SO ORDERED.

Dated this 10th day of May, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
